Good morning. Heather Blaze on behalf of the plaintiff and an appellant, and I would like to reserve three minutes for rebuttal, please. May it please the court. Your Honor, this is a case that involves the likeness of plaintiff Lance Hara and the character she created, her drag persona known as Vicky Box, that Netflix and the related infringing parties misappropriated in the television series Q-Force, its related advertisements, and the advertisements and promotional materials wholly unrelated to the goods and services embodied in Q-Force. Think of the Box character as you would any other established character, for instance, Austin Powers. Consider for a moment if Netflix had put an animated likeness of Austin Powers in a scene of a spy TV series in a non-speaking role and then prominently featured Austin Powers and its advertisements for the very series and for wholly unrelated goods and services. Would Mike Myers, who created and portrayed Austin Powers, not have a claim under the Lanham Act when consumers expressed actual confusion over whether Mike Myers had endorsed, appeared in, or was affiliated with the spy TV show? The answer is clear that he would under Jack Daniels. The same is true for Vicky Box. Let me put to you what I think is a more dramatic case, at least for somebody of my age. Jim Brown, maybe the greatest running back in NFL history, and you know how that case turned out. How is this case different? So in that case, Brown, is one of the cases that the Supreme Court cautions and says the Ninth Circuit has taken Rodgers to apply too far. Does the majority say that? Or that, I mean, Justice Gorsuch raised questions in his concurrence as to whether there's vitality to the, or should be vitality to Rodgers. But I think the majority is very clear. We're not talking about anything but the narrow problem we've raised in the Jack Daniels case. And our court subsequently, in Punchbowl, says Rodgers survives. So first, it's a unanimous decision. And yes, there was a concurrence. So where in the unanimous decision does the Supreme Court majority cast doubt on the continued fatality of Rodgers, which, as I say, our courts already decided survives? The Adams case, I'm sorry? You said... Punchbowl. Our case is Punchbowl. Yes, Punchbowl. But I'm talking about the Supreme Court case that said... And where in the majority does it cast the aspersion that you suggest that it does? It says this is where we depart in the majority opinion, which is the, which is a unanimous decision. This is where we depart most sharply from the Ninth Circuit. So the question is whether defendants are using the mark as a mark, right? That's the distinction that the Supreme Court drew in Jack Daniels. So here, right, I think, and there's a difference between, I think, a claim of appropriation of likeness from the Lanham Act claim here, which is using the mark as a mark is the threshold question that we have. I think you can have appropriation of likeness without using a mark as a mark. Is that correct? So I don't think so. I think that... So you think any appropriation of likeness would mean that they're using the mark as a mark? Well, not necessarily, but there's a distinction between false designation of source, which is really the mark as a mark and source identifying, and false endorsement, association, or affiliation. It's immaterial because they both trigger likelihood of confusion analysis. They both occur under a single section of the Lanham Act. But mark, using the mark as a mark is using the mark as the source or origin of a trademark. And the question is whether Rogers applies in the context of when it's being used for expressive purposes. So your argument is no matter how fleeting or momentary that someone uses a likeness of someone else, it necessarily is examined under the Lanham Act? There's no Rogers test? No. My argument is that if it's used to actually confuse consumers that there is a false association, a false affiliation, or a false endorsement, then the Rogers case cannot be used to eviscerate those claims. But Rogers is about using marks in an expressive way, title, and it's been extended to other marks, and it contemplates that there might be some confusion, right? In the Rogers test itself, it's about whether that confusion is very misleading to someone at that point. So it can't simply be just the possibility of a mark being used in an expressive work that might cause some confusion, can it? Correct, a mark being used. But in this case, this is a person's likeness, their celebrity likeness, and the character that they created being used both in a so-called expressive work, but then prominently being featured in all the advertisements, and in advertisements relating to wholly unrelated goods and services. You're kind of exaggerating the prominence, but you're getting away from the question, which is that the Supreme Court in Jack Daniels was pretty clear talking about a source, identification of a source, and you're trying to turn that into inference or implied endorsement. I mean, nobody really thinks that your client was the source of the material you're objecting to, do they? Well, I would disagree because the consumer confusion is that there's a collaboration, that there's an endorsement, that there's... So you're trying to move from source to endorsement, and I'm not sure that Jack Daniels helps you on that. Well, 1125A1A, USC 1125A1A, it's the same statutory section that applies... Where in Rogers do they talk about something other than source identifier? Or are there not Rogers in Jack Daniels? I'm talking about source identification includes endorsement? Yes. Is that your argument? Yes. Okay. Yes, indeed. Source identification, when you're talking about the use that's protected in a celebrity image and likeness, and it's been interpreted on several courts, that they're synonymous terms, first of all, whether source identification and the use of the mark, those are synonymous. But when you add it into the... Well, I wouldn't jump to the conclusion that we're going to agree with you that they're anonymous, and Jack Daniels is very explicit in speaking about source and identification. It says, every trademark's primary function is to identify the origin or ownership of the article to which it is affixed. And I don't think anybody thinks your client owns Q-Force. But they think that she's affiliated with Q-Force. Affiliated, ownership. You're making a leap that Jack Daniels on its face doesn't support. So what is it that we think that you offer up to tell us why that leap should be made? Well, I don't think it's a leap. The court in Jack Daniels did not rely on Brown, did not rely on any of the expansions. The court in Jack Daniels cited to the Barbie case, which is very different from the case here, and even Rogers itself as a title case. It's not involving the actual... I mean, I was actually about to bring up the Barbie case because the court did refer to the Mattel case and said that it was part of Rogers and not part of a Lanham Act analysis because no one thought that the song, you know, Barbie Girl was something that Mattel had created. So it's... Jack Daniels is anchoring that analysis in the trademark used as a source or origin. Well, the issue with Barbie, too, is also that they used the analysis that there's marks that transcend their identifying purpose and they enter the public discourse and become an integral part of our vocabulary. And that's when the First Amendment protection comes into play. The same is not true with Vicki Vox. If the same was true with Vicki Vox, everyone in this courtroom would already know who she was and it would be part of our everyday vernacular like Barbie has become. That's one of the underpinnings of the Barbie case. And the Supreme Court cited to that Barbie case and the case of Louis Vuitton in the Hangover film, Louis Vuitton versus the production company. And in that case, same thing, they said because the consumer confusion was so slight because the character in that show used a Louis Vuitton bag and mispronounced it as Louis Vuitton. And no consumer would think that Louis Vuitton was actually then in support of that. Counsel, I just want to give you an opportunity. So you're citing the statute 1125 A1A. Is there actual text in the statute that says source includes endorsement or affiliation? Or can you point to a case that equates endorsement or affiliation with source? The designation of source and false endorsement, they both, I can read the actual statutory language. Any person who or in connection with any goods or services or any container for goods uses in commerce any word, term, name, symbol or device or any combination thereof or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which A, is likely to confuse or to cause mistake or to deceive as to the affiliation, connection or association of such person with another person or as to the origin, sponsorship or approval of his or her goods, services or commercial activities by another person. That is where both using mark as a mark and source identification and false endorsement. That's the statutory provision that comes into play for both of them. It's not dissected down to source identification. But can I think we're overlapping different things because the Lanham Act, yes, can create claims for trademark infringement based on different bases. And now you have the Rogers test that steps in and says, well, wait a minute, we have to do something different when there's solely expressive conduct happening here. And what Jack Daniels is saying is, narrowly, Rogers test does not apply in this one context where the trademark is being used as a mark that has to fall under a Lanham Act analysis. So our threshold question to echo my colleagues is, does Rogers test apply here or not? You know, is the Vox likeness being used in a source identifying way, not whether it would otherwise be eligible for a trademark infringement claim? And none of us have heard yet how Vox is being used in a source identifying way to take it out of the Rogers context. Yes. So the source identifying way in the context of a celebrity endorsement, the mark as a mark, that has been that has been interpreted to say as a symbol to attract public attention. That is, that's the use, that's the source identification. So in your view, Jack Daniels has implicitly overruled Brown, our case in Brown? Yes, I do. And in fact, if you look at the companion case that was decided at the same time as Jack Daniels, the Lisa versus Disney case, in the appellate briefing of that case before the Supreme Court, Disney attempted to rely on Brown as the reason for why they could use the character in the Pixar film, Toy Story, and in the related merchandise that they did. And the Supreme Court, although they didn't, they didn't give us an instruction saying, you know, here, we hold that Brown doesn't apply. They were, they reversed and remanded and said that this case should be considered under like, follow the instruction. So any, so any film or television where someone uses a likeness of a public figure, maybe in a parody way, can't happen anymore, because now there might be confusion over whether there's some endorsement by that celebrity. That's a pretty sweeping argument you're making. No, I disagree. I'm not making that argument. Okay. Parody exists. Where's the dividing line then? Well, it certainly doesn't happen on a 12b6 motion to dismiss after one amendment. There's significant factual determinations that were made here in the disleasing case that the Supreme Court reversed. And that was after a fully developed record after motion for summary judgment. And the Supreme Court said, look at our instructions on Jack Daniels. I understand you're arguing to be relying in part, at least in the fact that defendants used your client's image in the advertisements, right? Not just in the content, but in the advertisements. If there's a question about whether that constitutes, well, let's assume we agree, for the sake of argument, that the source identification that the Supreme Court was referring to in Jack Daniels would include the endorsement based on the statutory definition that you're, or provision that you're referring to. If there was a question about whether defendants were using your client's mark as a source of endorsement or even partial source, I think the Supreme Court does allow for partial source, would, if there's a question, is that a question of law or a question of fact or mixed? It's a question of fact as to whether or not it, and I have a citation on that, it's a mark or source identifying. Okay, what is your state? That's several considerations go into the fact-intensive analysis that's coming out of Kelly-Brown, 717F3rd at 310, 311. That's a second district case, and it goes into an entire investigation about whether or not the challenged mark appeared on the product itself, its packaging, or any other advertising or promotional materials related to the product. But in Kelly-Brown, that was the Oprah Winfrey phrase, right? What was it? Own your power. There was, Rogers did not come up in that case, so there was no claim, I believe, that there was some sort of expressive conduct involved in this mark that was being challenged. So why is Kelly-Brown applicable here? Because of whether or not it's being used in a commercial context, and whether or not it's being used as a mark in an identifying context, in a source-identifying manner. That, it goes into that it is, whether or not it's being designated as a mark, period, is a fact-intensive analysis. If it's a Lanham Act claim, sure, but in the context of an expressive work, that doesn't change things? Well, these are all Lanham Act claims. The question is... But I guess the question, you know, just the interplay with Rogers is that issue here. In order to get to Rogers, at all, you first need to determine under Jack Daniels whether or not there was any source-identifying or mark-as-a-mark function. You have to determine that first. And so, regardless of whether or not this case specifically involved Rogers, you still have to answer that factual question. And on a 12b6, all facts should be construed in favor of the plaintiff. It's respectfully reserved. Yes, we can give you two minutes. Good morning, Diana Palacios on behalf of the defendants, the police. Can you pull the microphone a little closer to you? I'm a little short, sorry about that. That's the problem, we understand. We want to be able to hear what you have to say. All right, there are a few things that I'd like to clarify in response to counsel's statements. The first is that Rogers is binding precedent in this circuit in cases such as this one, where a mark is not being used as a source-identifying use. As it's been already pointed out, but it's worth repeating, this court already decided that in Punchbowl v. AJ Press. I'll read the quote now. This court said that Jack Daniels was, quote, confined to a narrow point of law, end quote. And, quote, pre-existing Ninth Circuit precedent adopting and applying Rogers otherwise remains intact and binding on three judge panels. And that's, end quote, that's at 1031. So in these cases, which largely are court cases where the mark is used in music, and television shows, and video games, and film, those remain intact because they're being used for a non-mark purpose. They're being used for storytelling. They're being used to advance the story, to set the scene, to enhance realism. Those are all things that are permitted under the First Amendment, thus permitted under Rogers. I don't hear your colleague disputing what you're talking about. Most of our discussion has been whether Jack Daniels rolls back perhaps a little more, and we know about Punchbowl and talked about that, but why is it that you identify Jack Daniels as limited to the source indicator, or the origin indicator, and not as expansive as plaintiff has argued? Well, the first thing is plaintiff is trying to distinguish false endorsement cases, right? And the key here is that Rogers is a false endorsement case. Rogers that the court dissects in Jack Daniels, backward and forward, is a false endorsement case, and yet it makes no distinction there as to anything else but source identifying use, and that's the key here. This is also a false endorsement case, so is Brown. There's no reason to kind of part ways from the Supreme Court on that issue. But would you agree that Jack Daniels did seem to scale back the Rogers test? I mean, throughout the opinion it talks about it being when it's solely for expressive conduct. It repeats it several times. So should we take that into account in thinking about whether source can be considered in a broader way toward false endorsement? You're right. The Supreme Court did obviously scale back Rogers in Punchbowl. This court distinguishes between a line of cases that's permitted and a line of cases that's not, right? But the cases that are permitted, the ones that it does cite, are cases like Mattel, Louis Vuitton, and then in Punchbowl, the Ninth Circuit also points to ESS versus Rock Band, right? Those are all the cases that are permitted, and the thing that kind of unifies all of those are the mark is being used in content solely for expressive purposes. I would like you to address that statutory argument, because ultimately this is a statute that we have to interpret and apply, and I understand that what the Supreme Court and Jack Daniels are saying is that, you know, the statute carves out, right, this claim for when you use a mark as a mark, and when there's that quintessential statutory use of a mark as a mark, we don't apply the Rogers test. Now, I hear your opposing counsel arguing under the statute, essentially, false endorsement is the equivalent of using mark as a mark as a statutory textual matter. Can you address that? Well, it would be putting the cart before the horse, right? The reason Rogers exists is so we don't have to go down the Lanham Act path. It is a First Amendment threshold question. So to equate the threshold question to the Lanham Act would destroy Rogers. Well, I disagree. I mean, my understanding of Jack Daniels is saying there's this threshold question. You're not going to reach Rogers if there is use of a mark as a mark, because that is precisely what the Lanham Act prohibits. And then I hear a textual argument being made that the Lanham Act essentially creates a statutory equivalence between source and endorsement. Can you address that? Sure. There are situations where that may be the case. But even in this situation, nobody viewing the materials would say that plaintiff's acquittal is not true. That's a different question. I mean, I think there's a threshold question of whether when the Supreme Court in Jack Daniels said Rogers doesn't apply when there's use of a mark as a mark, then there's a statutory question. Is use of a mark as to convey endorsement the statutory equivalent of using a mark as a mark? Because if the answer was yes, then I would say that under the reasoning of Jack Daniels, then we wouldn't reach the Rogers test. Yes. I think there are situations where a source can, using mark as a mark or to source identifier can also be an endorsement, right? Because of that's, that is how it would work in under a false endorsement claim. But it's still identifying a type of source. When you talk about endorsement as a type of source, it's a source that is endorsing approving of that material. Once you go and follow that path in our analysis for the materials before this Court, we reach the same conclusion. So then I think there's a, is there, is it a question of fact or a question of law of whether defendants are using a plaintiff's mark as a source of endorsement? It can be both. The Supreme Court definitely said that this is a decision that could be made at a motion to dismissage. That is the purpose of Rogers anyways. It's, and I can give you the citation. The Supreme Court says, the Supreme Court in Jack Daniels stated that the Rogers test quote, offers an escape from the likelihood of confusion inquiry and a shortcut to dismissal. And then in a footnote, footnote two, explained that even in source identifying cases, if the plaintiff fails to plausibly allege, this is a quote, sorry, quote, fails to plausibly allege a likelihood of confusion, the district court should dismiss the complaint under federal rules of civil procedure 12B6. And that's Jack Daniels at 157. If the Supreme Court foresees a situation where Rogers should be made at a dismissal stage, that even in some situations the likelihood of confusion decision should be made at motion to dismiss stage, then yes, there are situations where this question should be made at a motion to dismiss stage, especially here where the material is before the Court. Louis Vuitton, which is the case that the Supreme Court cites approvingly, also kind of addresses this question. Not kind of, but it does. Why don't the pleadings here adequately allege that by using plaintiff's image in advertisements, that that is conveying endorsement? Well, I think the first step is to clarify the use, right? So the use is plaintiff's likeness in a cartoon style for five seconds in an episode of a 10-episode series. That scene, those five seconds are there. And that's the only allegation because there's also allegations about use in advertisements and in the still image that was released to the press, correct? I was going to point that out. So those five seconds, that scene is then used in a one-minute trailer, and then a still of that scene is used by an unrelated publication to discuss the series. In that scene, plaintiff is one of five characters, non-speaking role fleeting. So in this situation, Roger cases guide us and tell us that we have to look at the underlying use, and then if that is protected under Rogers, any related advertising, any adjunct advertising is also protected. I'm not sure we're getting to Rogers because if use, I guess there's a threshold question of whether we even apply Rogers because there's a threshold question of whether they're using her mark as a source, which you seem to concede includes endorsement, right? So if there's a question of fact as to whether the way in which defendants used her mark constitutes endorsement or could, you know, isn't that having the pleadings done enough at least to survive a motion dismissed? And perhaps it's a question for the jury as to whether this use constituted a use of her mark as mark to convey endorsement. No, in fact, the trailer is before this court. The trailer was before the district court. Yeah, it's all properly before the court. So even if we take this threshold question and analyze the trailer independently of the underlying source, which I don't think would be appropriate under Rogers and under the First Amendment, but putting that aside, it's not used as a mark. It's plainly used as a part of the content, right? What if we think that's a close question? Who decides? Judge or jury? In this situation, I think the judge would decide because the material is before the court and because otherwise it would be... You're saying it's a question of law. It is a question of law. Is the court determining... Do you have a citation for that? I do not, Your Honor. I may have missed something. Did you concede that using a mark as a mark can encompass a false endorsement claim as opposed to using the mark as a source or origin of the mark? Well, I think the source can be sometimes endorsement. Otherwise, that's how at least the Supreme Court saw it in Jack Daniels, right? When it's analyzing Rogers, it was equating the Rogers case, which is a source identification. So as I understood it, Jack Daniels is talking about, yes, there are various claims under the Lanham Act for trademark infringement, but in the species of claim that is where the trademark is being used in a source-identifying way, that puts it out of the Rogers test even if it happens to be expressive or not. But I didn't understand that to mean that because of that all Lanham Act claims, therefore, are outside of the Rogers test. That would seem to end the Rogers test, doesn't it? Well, absolutely. In other words, I think there's a distinction to be made between a trademark being used as a source of saying, yes, this is the origin or the source of that mark. Vicki Vox did not create, is not the source of Q-Force, but maybe endorsing it. Well, I think the distinction is that source can sometimes be a type of endorsement, right? Can I ask you a question? So using a mark as a mark, can a mark be used, I think it's very clear under Jack Daniels, you can use a mark to convey source. Can you use a mark to convey endorsement under the Lanham Act? Yes, absolutely. In fact, even in Louis Vuitton, one of the things that Louis Vuitton argues is that by being used, like nobody thought that Hangover Part 2 was by Louis Vuitton, but what Louis Vuitton was arguing was that it endorsed Hangover. In fact, the quote that comes from the Louis Vuitton case speaks to that. I guess my question, under the Lanham Act, would using another person's mark, another entity's mark, as a mark to convey endorsement be prohibited by the statute? You mean by Rogers? By the statute. I can't speak to the statute, but it would, if it falls within the situation, if it's being used as endorsement, then it could be a situation where it doesn't fall within Rogers, but or doesn't go down that path, but that's the difference. So then how do you, to Judge Clifton's earlier question about Jim Brown, his likeness was being used in a video game, and the court there, under the Rogers test, found the video game to have expressive content, it to be expression, and the Rogers test applies. But the court also said that that claim should be dismissed because there was no allegation that Brown was endorsing the video game itself. And so it seems to create a distinction between the notion of mark being used as a mark versus for endorsement purposes. You're saying is Brown no longer good law under Jack Daniels? No, it absolutely is good law. It's the same thing, right? As I mentioned, sourcing is a type of endorsement. That's the reason the Supreme Court was able to analyze Rogers and make no distinction. Can you explain what you mean by sourcing is a type of endorsement? Right, it's a type of source, right? It's a source of approval in that scenario. The Supreme Court made no distinction between endorsement and sourcing because it is one, it is a type of sourcing. When it was talking about a source, it looked at Rogers, which is a false endorsement case, and made no distinction. So it's not that, is it being used as a... To be honest, I'm confused by your argument because if sourcing includes endorsement, why wouldn't endorsement then be covered under Jack Daniels as a form of using Mark as a mark? Because Rogers is a false endorsement case. So if the court looked at Rogers and said... But if Jack Daniels is saying we don't look to Rogers if a mark is being used as a mark or in a source-identifying way, and you're saying you're including endorsement claims within that, then we don't put Rogers... Rogers is out now. And now we only look at it as a Lanham Act violation and whether there's confusion in the marketplace. That seems to be the argument you're making right now. Well, Rogers case was cited approvingly by the Supreme Court, except in other cases where it had been expanded. That's the distinction. The Supreme Court, I think, neither approved or disapproved of Rogers, just said we're not going to address whether Rogers survives at all, but they said at least in cases where Mark is being used as a mark, as a source, and then they say if Mark is being used as a source identifier, that means it's being used as a mark. Then I hear, essentially, Mark, if it's used as a source identifier, is using Mark as a mark. And then I hear you saying source identifier can include endorsement. So if that's true, then A equals B equals C. If endorsement equals source identifier equals using Mark as a endorsement, then that would fall into the Jack Daniels side. And I think there would still be a category of cases in which Rogers might apply where it's not being used as a mark, where it's being used for parity or for, you know, simply perhaps like a prop, and it's not being used to convey endorsement or creation, right? That then Rogers would still apply. Right. Okay. Yeah, I would agree with that. I think the idea is that just having a person, a personality, is not endorsement, right? That's the distinction. So then the question is, if you agree endorsement could go into the Jack Daniels box, but just mere use of image for, you know, some other expressive purpose would not, how do we know when it's trying to decide, does this case fall on which side of that line? Is it for us to decide? And when it's debatable, as a matter of fact, why doesn't Plano survive the motion to dismiss? You're right. It could survive a motion to dismiss. The Supreme Court did provide us guidance as to these issues. In Jack Daniels, it said, well, look at a couple of things. Look at, you know, how it's being used. Is it conceded? And in Jack Daniels, it was conceded that the tag was being used as a mark, that it was trademarked. Look at the placing in Jack Daniels. Bad Spaniels was used in the tag and with the same prominence, right? And you're saying as a matter of law, there is too little use here. We can say as a matter of law that the use of the image doesn't convey endorsement in any way? Well, two things. One, they're not alleged. Nowhere in the complaint, even though this case was filed and then amended after Jack Daniels, were any of these allegations in the complaint. And then separately, to your point, is that as a matter of law, those things don't exist. The theories, the trailer, the still are all before the court and none of those things are visible. So a reasonable viewer in this situation would come to the determination that this is not a situation where a mark is being used as a mark. So just to clarify for myself, if a plaintiff is alleging that a mark is being used for endorsement purposes, they may be able to survive a motion to dismiss if there are certain allegations that suggest that the image is being used in an endorsement kind of way, but it's not here because it's fleeting? Well, I think there are situations where a plaintiff can make those allegations with, you know, sufficient factual basis. And then in addition to that, especially in situations where everything is before the court, the court then can consider whether those allegations are plausible by reviewing the material itself. And here we have neither the allegations and the materials before the court. Thank you, Counsel. We certainly dispute whether or not the allegations in the complaint. They everything that would be required from a notice pleading perspective. There's no additional pleading requirements that I'm aware of that. And if there were, we could have certainly amended them on a second round of that if if something was lacking from a pleading perspective. I do want to circle back with with what we were discussing earlier about what what the Supreme Court actually said. And this is this is a direct quote from the from the unanimous decision. The Ninth State, the Ninth Circuit was mistaken to believe that the First Amendment demanded such a result. And what's that? That's referring to is that the Rogers exception would become the general rule and conflict with longstanding trademark law. The Rogers coming out of Jack Daniels. We know four things. We know Rogers application as a threshold bar to claim should be used rarely. If ever, we know that Rogers should be applied narrowly, not broadly. We know Rogers never applies when the use of the mark is at least in part as designated of source. We have a concession that designation of source and endorsement can be one in the same. And for Rogers, use of another's mark is not immune from liability just because it could be considered expressive, even in part. And it's important to underscore in this case, we're not even just talking about a likeness. We're talking about a character that was created by a person. It's their expressive work that's been usurped and used to trade on the goodwill of that mark. And we ask that you remand with instruction that the defendants be required to answer that this matter proceed to discovery and that the proceed on the likelihood of confusion. Thank you. Thank you. Council. This matter is submitted next
judges: CLIFTON, SUNG, SANCHEZ